889 F.2d 1085
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Garfield WASHINGTON, Jr., Defendant-Appellant.
 No. 89-5045.
 United States Court of Appeals, Fourth Circuit.
 Submitted Oct. 12, 1989.
Decided Nov. 2, 1989.
 
 Keith M. Stroud on brief for appellant.
 Thomas J. Ashcraft, United States Attorney, Carl Horn, Chief Assistant United States Attorney, on brief for appellee.
 Before HARRISON L. WINTER, MURNAGHAN, and WILKINSON, Circuit Judges.
 PER CURIAM:
 
 
 1
 Defendant appeals contending that the Eighth Amendment bars the 9-year sentence imposed on him upon his conviction for possessing a stolen United States Treasury check, aiding and abetting the forging of an endorsement on the check, aiding and abetting the utterance of the check, and aiding and abetting the false representation of a social security number on the check, in violation of 18 U.S.C. Secs. 408(g)(2), 510(a)(1), 510(a)(2) and 1708 (1986).
 
 
 2
 The crimes were committed in 1986. The maximum incarceration authorized by statute for the possession charge is 5 years, the forging and altering charges 10 years each, and the false representation of a social security number charge 5 years. The district court merged the forging and altering charges for sentencing and imposed a sentence of 7 years. It imposed a sentence of 1 year on the possession charge, to be served concurrently with the 7-year sentence, and it imposed a sentence of 2 years on the social security number charge to be served consecutively to the 7-year sentence. Thus, out of a possible maximum period of incarceration of 30 years, defendant was sentenced to 9 years.
 
 
 3
 Defendant's contention that the sentences aggregating 9 years violate the Eighth Amendment must be summarily rejected. The sentences imposed do not exceed the statutory maxima, and we have held in United States v. Whitehead, 849 F.2d 849, 860 (4 Cir.1988), that absent extraordinary circumstances (which are not present here) a sentence within statutory limits will be neither reviewed nor disturbed.
 
 
 4
 In a pro se supplemental brief which we give defendant leave to file, defendant argues that when the district court made a special assessment on each conviction it indicated that defendant's sentences were not to be served concurrently. From this premise defendant argues that the sentence for forging and altering and for false representation of a social security number should be vacated, or, in the alternative, that all of defendant's sentences should be vacated with prejudice. We reject the contention. We point out that, if it had merit, it would follow that defendant should serve each sentence consecutively for a total period of incarceration in excess of the 9-year total which presently obtains.
 
 
 5
 Because the law is settled, we dispense with oral argument as unnecessary for the decisional process.
 
 
 6
 AFFIRMED.